IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CAREY JASON WITTEN                                        PLAINTIFF

V.                          CIVIL ACTION NO. 5:22-CV-7-DCB-FKB

MISSISSIPPI DEPARTMENT OF PUBLIC
SAFETY; ADAMS COUNTY SHERIFF; and
ADAMS COUNTY, MISSISSIPPI                                DEFENDANTS

ORDER

THIS MATTER is before the Court on Sean Tindell, the Commissioner of the Mississippi Department of Public Safety, and Megan Costilow, the Director of the Mississippi Sex Offender Registry's ("State Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No.4]. Also before the Court is Adams County and Sheriff Travis Patten's ("County Defendants") Motion for Judgment on the Pleadings. [ECF No. 16]. After reviewing the Motions, the submissions of the parties, the applicable law, and being fully informed therewith, the Court finds as follows:

I.   Factual & Procedural Background

Carey Jason Witten ("Plaintiff") filed the Complaint in this matter on February 9, 2022, seeking injunctive relief. [ECF No. 1]. Plaintiff is proceeding pro se. Plaintiff alleges that Defendants are wrongfully requiring him to register as a sex

1

offender and have violated his rights under the First, Fourth, Sixth, and Eighth Amendments of the Constitution, as well as violated his right to due process under the Fourteenth Amendment. Id. at 5.

As mentioned above, the basis of Plaintiff's Complaint is the allegation that Defendants continue to unlawfully require him to register as a sex offender in Mississippi. Id. In 1996, Plaintiff was convicted in Sacramento County, California, of oral copulation and rape of a person unconscious of the nature of the act. [ECF No. 5] at 2-3. While Plaintiff does not dispute this initial conviction, he does contend that he was later deemed not guilty of the offense in 2005. [ECF No. 10] at 2-3. Plaintiff therefore maintains that, because his conviction was dismissed, he should no longer be required to register as a sex offender pursuant to Mississippi Code Section 45-33-47(4). [ECF No. 11] at 3.

Plaintiff has previously litigated this issue in Mississippi. See Witten v. State ex rel. Mississippi Dept. of Public Safety and Criminal Information Center, Sex Offenders Registry, 145 So.3d 625 (Miss. 2014). In Witten, Plaintiff argued, as he does here, that the order of dismissal of his conviction in California entitled him to no longer register as a sex offender under the text of Mississippi Code Section 45-33-47(4).

In finding against Plaintiff, the Mississippi Supreme Court observed that the dismissal of his conviction in California is a unique function of California law, that the dismissal only reinstated certain civil rights, and that it "provides relief from further punishment but not from nonpenal restrictions." Witten, 145 So.3d at 629. As a result, the Mississippi Supreme Court held that the California dismissal "does not fulfill the intent of the language specified in Mississippi Code Section 45-33-47(4)." Id. Accordingly, Plaintiff's conviction was deemed to constitute a "registerable offense" under Mississippi Code Sections 45-33-23(g)(xx) and 45-33-21.

In his Complaint, Plaintiff alleges that Defendants have violated the laws of Mississippi and the protections provided by the Constitution in several ways. First, he submits that the Adams County Circuit Court has failed to provide him with a court date in a civil action that he has filed in that court concerning his status as a sex offender. [ECF No. 1] at 5. Plaintiff contends this violates his First Amendment rights. Id. Further, Plaintiff submits that, by continuing to require him to register as a sex offender, the Mississippi Department of Public Safety has also violated his First Amendment right against compelled speech. Id.

With respect to his claims under the Fourth, Sixth, and Eighth Amendments, Plaintiff alleges that he has been subject to unlawful

arrest for not registering as a sex offender, that he was not given the opportunity to have counsel present at an initial appearance for his refusal to do so, and that the judge at the hearing violated the Eighth Amendment by setting the maximum bail. Id. As relief, Plaintiff asks that the Court issue a permanent injunction against Defendants to stop them from taking action against him for his refusal to register as a sex offender.[1] Id. at 7.

The State Defendants' Motion was filed on March 17, 2022. [ECF No. 4]. In the accompanying memorandum, [ECF No. 5], the State Defendants submit that Plaintiff's Complaint should be dismissed because the Court lacks subject-matter jurisdiction and because the Eleventh Amendment renders them immune from suit.

Three months later, the County Defendants filed their Motion. [ECF No. 16]. In it, these Defendants submit that they are entitled to judgment on the pleadings for a number of reasons. First, the County Defendants argue that the doctrine of res judicata bars Plaintiff's claim because Adams County is in privity with the State of Mississippi, and Plaintiff has previously litigated the identical issue, as discussed above. [ECF No. 17] at 10. County

---

1. Plaintiff originally sought preliminary injunctive relief against Defendants, however, on March 22, 2022, this Court issued an Order wherein it determined Plaintiff had failed to satisfy his burden that a preliminary injunction should be issued. See [ECF No. 7].

4

Defendants also argue that the doctrine of collateral estoppel bars Plaintiff's suit for the same reason. Id. at 11. County Defendants next contend that, because Plaintiff already has a suit pending in Adams County Circuit Court that seeks the same relief as here, this Court should abstain from hearing the matter under the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).[2] Id. at 12-13 Finally, County Defendants echo the argument of State Defendants in submitting that the Court lacks subject-matter jurisdiction because the relief sought by Plaintiff would require this Court to reverse or modify the Mississippi Supreme Court's ruling in Witten. Id. at 13-14.

In Response to State Defendants,[3] Plaintiff argues that he does not have a duty to register as a sex offender in Mississippi because his California conviction was dismissed. Id. at 4. Additionally, Plaintiff argues that the Rooker-Feldman doctrine "does not bar [his] constitutional challenge" because "the state court has construed statutes adversely to [him]." [ECF No. 13] at 8. Further, Plaintiff submits that this Court has jurisdiction because the Mississippi Supreme Court ignored the Full Faith &

---

2. The Younger abstention doctrine expresses the fundamental policy against federal interference with state criminal prosecutions.

3. Plaintiff filed several Responses. See [ECF Nos. 11, 13, and 21]. All of them largely consist of the same arguments, and the Court has considered all three of them in reaching its decision.

5

Credit Clause of the Constitution. [ECF No. 13] at 8. Lastly, Plaintiff again asks the Court to prevent the Mississippi Department of Public Safety and the Adams County Sheriff's Office from requiring him to register as a sex offender in Mississippi. [ECF No. 11] at 9.

As to the arguments of County Defendants, Plaintiff sets forth several arguments in opposition. As to County Defendants' arguments concerning res judicata and collateral estoppel, Plaintiff seems to argue that neither doctrine is applicable here because his claims under the United States Constitution preempt them. [ECF No. 21] at 14. Beyond that, Plaintiff submits that he cannot be required to register as a sex offender in Mississippi because his conviction in California no longer exists. Id. As to County Defendant's arguments concerning the doctrines outlined in Younger and Rooker-Feldman, Plaintiff reincorporates his arguments against the State Defendants and submits that, because his recent suit in state court has been pending for over a year, these doctrines are inapplicable. Id. at 15.

## II. Standard of Review

Because there are two separate Motions made under separate parts of Rule 12, the Court must consider two separate standards of review, one under a Rule 12(b)(1) framework, and the second under Rule 12(c).

"A Rule 12(b)(1) motion to dismiss challenges the subject-matter jurisdiction of the federal court." In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs), 668 F.3d 281, 286 (5th Cir. 2012). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." Id. at 287 (quoting Home Builders Ass'n, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." Id. "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." Id.

Turning to the Motion for Judgment on the Pleadings, these motions are subject to the same standard of review as a motion under Rule 12(b)(6). Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Great Lakes Dredge & Dock Co. LLC v. La. State, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual

7

allegations must be enough to raise a right to relief above the speculative level." Id. (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Id. But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. Likewise, "a formulaic recitation of the elements of a cause of action will not do." PSKS, Inc. v. Leegin Creative Leather Prods., Inc., 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Ironshore Europe DAC v. Schiff Hardin, LLP, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, Davis v. Bayless, 70 F.3d 367, n. 3 (5th Cir. 1995), and any other matters of which it may take judicial notice. Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011). "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the

8

material that is pertinent to the motion." FED. R. CIV. P. 12(d). However, the "district court has complete discretion to either accept or exclude the evidence." Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC, 255 F. App'x 775, 783 (5th Cir. 2008).

### III. Analysis

As an initial matter, the Court discusses Plaintiff's recent Motion for Leave to File Supplemental and Amended Reply Brief. [ECF No. 23]. This Motion was filed on August 1, 2022. Id. As its title indicates, Plaintiff asks the Court for leave to file what is essentially a sur-reply.

"Leave of court is required to file an additional brief because, inter alia, the movant is generally entitled to file the last pleading." Kennedy v. Jefferson County, Mississippi by and through Board of Supervisors, 2014 WL 12773803 (S.D. Miss. Oct. 28, 2014) (citing Pierce v. The Clarion Ledger, 433 F. Supp. 2d 754, 760 n.7 (S.D. Miss. 2006)). If, however, the moving party has raised new arguments in the reply brief, that is, raised arguments in the Reply that went beyond rebutting the Response, it might be appropriate for the court to allow a sur-reply. See State Auto Property Casualty Insurance Company v. Pendleton, 2017 U.S. Dist. LEXIS 195222, 2017 WL 5659992 (S.D. Miss. August 18, 2017).

Here, Plaintiff is not entitled to file a sur-reply. Defendants' Reply to its Motion for Judgment on the Pleadings [ECF No. 22] contained no new arguments, nor did it raise any new legal issues. Plaintiff is seeking permanent injunctive relief under a wide variety of legal claims, and the arguments and issues raised by Defendants in their Reply merely rebutted Plaintiff's Response. Accordingly, Plaintiff is not entitled to file a sur-reply, and the Court will not consider any new arguments included therein. Plaintiff's Motion for Leave to File Supplemental and Amended Reply Brief [ECF No. 23] is DENIED. The Court next addresses the challenges raised by Defendants to the Court's jurisdiction.

Both sets of Defendants argue that Plaintiff's Complaint should be dismissed because the Court lacks the requisite subject-matter jurisdiction. Because a lack of subject-matter jurisdiction would require dismissal of the matter without prejudice, the Court first addresses this argument.

The Rooker-Feldman doctrine "holds that inferior federal courts do not have the power to modify or reverse state court judgments." Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 462 (5th Cir. 2004). This is because "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction . . . ." Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000). Accordingly, "[i]f a state trial court errs the judgment is not

void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." Id.; see also Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §4469.1, ("A simple summary would be that subject-matter jurisdiction is defeated only if an action is filed after a final state-court judgment and complains of injury caused by the judgment.")

In Plaintiff's Complaint, he is seeking injunctive relief against Defendants. Plaintiff specifically asks that the Court "free[] him from the lawless shackles of [sex offender] registration by the State of Mississippi." [ECF No. 1] at 7. Implicit in Plaintiff's request is an argument that the Mississippi Supreme Court erred in its decision that Plaintiff's California conviction remained a registerable offense in the State of Mississippi despite a later dismissal in California. Indeed, Plaintiff argues his constitutional challenge is not barred by the Rooker-Feldman doctrine because the Mississippi Supreme Court "construed statutes adversely to [him]." [ECF No. 13] at 8. Necessarily, then, Plaintiff wants this court to conclude that he is no longer required to register as a sex offender in Mississippi, the exact issue the Mississippi Supreme Court settled when it decided Witten.

11

It is the Court's conclusion that, under both the Rule 12(b)(1) and Rule 12(c) standards, the relief Plaintiff seeks is foreclosed by the Rooker-Feldman doctrine and Article III of the Constitution. Plaintiff asks this Court to permanently enjoin Defendants from requiring him to register as a sex offender, effectively reversing the Mississippi Supreme Court's decision in Witten. This Court lacks the subject-matter jurisdiction to do so. This type of appellate review of state court judgments is exactly the kind that is prohibited by the Rooker-Feldman doctrine.

Plaintiff's argument that, because he alleges Constitutional violations, the Rooker-Feldman doctrine does not apply are also unpersuasive. All of his allegations concerning violations of the Constitution all stem from him not wanting to have to register as a sex offender. If the Court were to grant him any of the injunctive relief he seeks, then it would necessarily entail reversing or modifying the Mississippi Supreme Court's ruling in Witten. Plaintiff is in effect seeking another bite at the apple in federal court after fully litigating the issue in Mississippi state court. Further, his argument that the Mississippi Supreme Court violated the Full Faith & Credit clause of the Constitution is similarly misplaced, because that court's decision in Witten did not ignore the acts or judicial proceedings of California courts. Instead, it interpreted Mississippi law in determining whether the dismissal

of the California conviction operated so as to relieve him of his duty to register as a sex offender.

Plaintiff's only remedy following the decision in <u>Witten</u> was to file a writ of certiorari to the United States Supreme Court, and this Court is not advised as to whether he did so. Thus, under Rule 12(b)(1) and 12(c), Plaintiff's claims fail because the relief sought would necessarily require this Court to modify or reverse the decision of the Mississippi Supreme Court. This Court lacks the jurisdiction to do so.

Accordingly, the Motions [ECF Nos. 4, 16] are GRANTED. Plaintiff's Motion for Discovery [ECF No. 15] is DENIED AS MOOT. This matter is DISMISSED WITHOUT PREJUDICE.

SO ORDERED this 3rd day of August, 2022.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE